Rosanne Palumbo, Esq.
Golden, Rothschild, Spagnola, Lundell, Boylan, Garubo & Bell, P.C.
1011 Route 22 West, Suite 300
PO Box 6881
Bridgewater, NJ 08807
Telephone: 908.722.6300

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
IN RE:

     MEC GENERAL, INC.

Debtors,

-------------------------------------------------------------------x

Case No. 1:19-bk-43105

NOTICE OF MOTION

**PLEASE TAKE NOTICE**, that upon the annexed affirmation of Rosanne Palumbo, Esq. sworn to on the 9th day of October, 2020 and upon the exhibits annexed hereto, the undersigned will move this Court, the United States Bankruptcy Court, held in and for the eastern District of New York at the courthouse located at 225 Cadman Plaza E, Brooklyn, NY 11201 on the 4th day of November, 2020 at 11:00 o'clock in the forenoon of that day, or as soon thereafter as counsel can be heard for, an Order: pursuant to 11 USC 362(d) and Bankruptcy Rule 4001 lifting the automatic stay of litigation and permitting Danya Cebus Construction LLC, to proceed with the Third Party Complaint regarding construction defects against the debtor, to the extent of the applicable insurance policies; and in the event that there are no applicable liability insurance policies, the applicable insurance policies contain a self-insured retention.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to local Rule 9006-1(b) of the United States Bankruptcy Court, Easter District of New York, answering affidavits, if any, are to be served upon the undersigned at least three (3) days prior to the return date of this motion.

Dated:   Bridgewater, New Jersey
        October 9, 2020

Respectfully Submitted,

BY: *s/Rosanne Palumbo, Esq.*
    Golden, Rothschild, Spagnola,
    Lundell, Boylan, Garubo & Bell, P.C.
    14 Wall Street, 20th Floor, Suite 2079
    New York, NY 10005
    Telephone: 212-964-0120
    rpalumbo@grsl.com

TO:    Joseph A. Fazio, Esq.
       94 Willis Avenue
       Mineola, NY 11501

       Peter Samaan Esq.
       Westermann Sheehy Keenan Samaan & Aydelott, LLP
       90 Merrick Ave, Suite 802
       East Meadow, NY 11554

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
IN RE:

      MEC GENERAL, INC.

Debtors,

-------------------------------------------------------------------x

Case No.   1:19-bk-43105

<u>ATTORNEY AFFIRMATION</u>

ROSANNE PALUMBO, being dully sworn, states that I am an attorney admitted to practice law

before the United States District Court for the Eastern District of New York:

1.     I am an attorney for the facts and circumstances surrounding this matter.

2.     This affirmation is submitted in support of the instant motion pursuant to 11 USC Section 362, permitting Danya Cebus Construction LLC to proceed with a Third Party Complaint against the debtor which was commenced in the Supreme Court of the State of New York, County of New York, with an initial caption, <u>470 4th Avenue Fee Owner, LLC v. Adam America LLC d/b/a Adam America Real Estate, 470 4th Avenue Investors LLC and Danya Cebus Construction LLC</u> (hereinafter "Danya Cebus") (Index # 656506/2018). Annexed hereto collectively as **EXHIBIT "A"** are copies of the pleadings in the New York State court action where Danya Cebus Construction LLC implead MEC General, Inc. as a third party defendant.

3.     On behalf of Danya Cebus, we are seeking an Order: (a) pursuant to 11 USC 362(d) and Bankruptcy Rule 4001 partially lifting the automatic stay of litigation and permitting Danya Cebus to proceed with its Third Party action against the debtor, MEC General, Inc. (hereinafter "MEC General") to the extent of the applicable insurance policies available to debtor; and (b) in the event that there are no applicable liability insurance policies, to the extent MEC General is self insured.

4.     The underlying New York State Court litigation stems from a cause of action related to allegations of defective construction service rendered by MEC General which have caused damage to Plaintiff in the States Court action.

5. As it pertains to the underlying action, on or about July 28, 2014, Plaintiff 470 4th Avenue Investors LLC, as owner, entered into a written agreement with Danya Cebus, whereby Danya Cebus agreed to perform services as construction manager for the construction project located at 470 4th Avenue, Brooklyn, New York 11215 a/k/a 237 11th Street, Brooklyn, New York 11215 (hereinafter "Project").

6. On or about May 21, 2015, Danya Cebus, as construction manager, entered into a trade subcontract with MEC General, as subcontractor, whereby MEC General agreed to provide all necessary labor, material, equipment and supervision to perform certain work on the project..

7. MEC General's work also included the installation of the skirts and sleeves for the PTAC units at the Premises.

8. In addition to the statutes scope of work, the subcontract agreement required MEC General to procure specific insurance coverage for its benefit, as well as the benefit of Danya Cebus and the owner/developer of the project.

9. In accordance with this contractual obligation MEC General produced and maintained applicable policies of insurance from the following insurance carriers:

10. Allegations of substandard and improper PTAC unit installation is a primary focus of Plaintiff's allegations in the underlying New York State Court litigation. MEC General's participation in same the underlying State Court Action critical to the advancement of relevant facts and discovery exchange, including witness and worker testimony.

11. Given the nature of the allegation in the underlying New York State Court litigation, as such MEC General is an indispensable party in this, multi-party construction defect lawsuit.

12. In the underlying action, Plaintiff alleges that Danya Cebus, inter alia, breached its warranty and/or negligently constructed the premises in violation of duty of care by failing to perform and supervise construction in accordance with the "Contract Documents" (identified as project

drawings, specifications, and written agreements for materials, equipment, systems, and standards of workmanship), applicable building laws, and industry standard.

13. As stated above, Danya Cebus did contract with the debtor for specific work to be completed on the Premises and only the debtor is in possession of facts, documentation, and relevant knowledge related to the specific work it performed related to installation of PTAC skirts/sleeves.

14. Discovery in the underlying matter is well underway, with hundreds of thousands of pages of documents already having been exchanged by the Parties.

15. The Parties are propounding with expert discovery, and eventually will begin taking deposition testimony.

16. Naturally due to the automatic Bankruptcy stay, MEC General is not obligated to engage in the discovery exchange, leaving Danya Cebus without information and documentation specific to Plaintiff's demands and allegations related to MEC General's role on the Project.

17. Danya Cebus has been and will continue to be prejudiced in the underlying action without MEC General's participation, and crucial documentation related to Plaintiff's allegations regarding the PTAC sleeves, which it appears MEC General installed.

18. If the Plaintiff was caused to sustain damages as alleged and is found to be entitled to recover those damages from Danya Cebus, then such damages were actually causes by the carelessness, negligence and fault of subcontractors, including MEC General.

19. Further, Danya Cebus is entitled to contribution from MEC General based upon the contract by and between the parties.

20. In addition, MEC General agreed to hold harmless, defend and indemnify Danya Cebus from all liability which resulted from their work undertaken pursuant to their respective subcontracts.

21. Therefore, in addition to the discovery production, MEC General is a necessary party to proceed in underlying action properly with equity to all involved parties.

## GROUNDS TO LIFT THE AUTOMATIC STAY

22.   Section 362 provides the court the authority to modify or lift the automatic stay to proceed as against the debtor in a few instances. Applicably, section 362(d)(1) provides that the stay may be modified or lifted "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. §362(d)(1) (2009). Since neither the statute nor legislative history define "cause," In re Sonnax Indus., 907 F.2d 1280, 1285 (2d. Cir. 1990), the court found that bankruptcy courts are empowered to make such a determination on a case-by-case basis.

23.   The court is accorded broad discretion to modify the automatic stay. Sonnax, 907 F.2d at 1288. A very fact-specific inquiry, weighing a number of factors, is required in determining a motion on such grounds. Id. The common factors employed by the Circuit, coined the Sonnax factors, include:

> (1)Whether relief would result in a particular or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgement claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

See also In re MarketXT Holdings Corp., 2009 Bankr. LEXIS 1897, at * 11-12 (Bankr. S.D.N.Y. July 20, 2009) (citing Sonnax, 907 F.2d at 1286); In re Bally Total Fitness of Greater N.Y., 402 B.R. 616, 623 (Bankr. S.D.N.Y. 2009).

24.   Modification of the Automatic Bankruptcy Stay is respectfully requested as MEC General is in possession of necessary and relevant documentation regarding the Plaintiff's allegations of construction defects and to offer Danya Cebus contribution and a defense and indemnity.

25. MEC General is a necessary and responsible party in the underlying State Court action. Without MEC General's participation all parties would be prejucided and the matter would not be properly disposed of without the crucial discovery production and witness information solely in the possession of MEC General.

26. The case law is clear under the circumstances presented here, that Danya Cebus would clearly be entitled to the lifting of the automatic stay up to the limits of any available insurance coverage. As was stated in a case entitled: In re Honosky, 7 Bk.CT.D. 50 (Dk.Ct.S.D.W.VA. 1980), within this context:

> The court is not convinced that the Bankruptcy Code was intended to bestow such a benefit upon insurance companies. The case referred to above, although decided under the Bankruptcy Act, demonstrate judicial recognition of the equity of permitting a civil suit to proceed against one covered by insurance where the bankruptcy estate is in no way harmed.

27. The court in a case entitled In the Matter if MacGraw, 6 CBC 2nd 257 (Bk. Ct. W. D. Wisc. 1982), set forth a two-pronged test in connection with circumstances such as these, where it stated that it first must be demonstrated that there is no great prejudice to the bankruptcy estate of debtor by allowing the civil suit to be commenced and continued, and secondly, that the hardship to the debtor by allowing the modification of the stay.

28. Here, Danya Cebus, co-defendants, Plaintiff, and Third-Party Defendants would sustain a significant hardship in the underlying action if all were forced to wait until the conclusion of the Bankruptcy Court's proceedings, as a indispensable party and critical discovery necessary for mediation and/or litigation would be non-existent.

29. To the contrary, the debtor would suffer no harm in permitting to move forward with the litigation. The rights of the debtor will not be adversely affected by lifting

the automatic stay since the liability insurance coverage would be a cap on any recovery in the underlying litigation, while all parties would benefit from discovery exchange.

30. Accordingly, justice and legal precedent support the lifting of the bankruptcy stay up to the available insurance coverage to avoid continuing hardship.

31. The allegations of construction defects in the underlying lawsuit may go well beyond the actions/omissions of the debtor, but the debtor is a necessary participant for proper disposition of the matter.

32. It is widely accepted that the automatic stay created upon the filing of a bankruptcy petition is limited to debtors and does not encompass nonfiling, non-bankrupt entities. *See*, Teachers Ins. & Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir. 1986).

33. In the case at bar, failure to modify the automatic stay as it pertains to the debtor will prejudice all other involved parties.

34. It is respectfully submitted that it is simply unfair to allow the co-defendants and third party plaintiff to litigate the underlying matter without MEC General's active participation in same.

**WHEREFORE**, Danya Cebus, respectfully requests an Order (a) requiring MEC GENERAL, INC. to disclose all liability insurance policies 30 days; (b) pursuant to 11 USC 362(d) and Bankruptcy Rule 4001 lifting the automatic stay of litigation in the underlying matter and permitting Danya Cebus to proceed with its cause of action against MEC GENERAL, INC. to the extent of the applicable insurance policies;

Dated:      Bridgewater, NJ
            October 9, 2020

                                        Respectfully submitted,
                                        *s/Rosanne Palumbo, Esq.*
                                        Rosanne Palumbo

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
IN RE:

      MEC GENERAL, INC.

                                        Case No.   1-19-43105

                                        <u>ORDER</u>

Debtors,

-------------------------------------------------------------------x

      Danya Cebus Construction, LLC, (hereinafter "Danya Cebus") having moved this Court for an Order vacating the automatic stay so as to permit prosecution of the third party, multi-party construction defect lawsuit which was commenced in the Supreme Court of the State of New York, County of New York, with an initial caption, <u>470 4th Avenue Fee Owner, LLC v. Adam America LLC d/b/a Adam America Real Estate, 470 4th Avenue Investors LLC and Danya Cebus Construction LLC</u>   (Index Number 656506/2018) and said Motion having duly come on to be heard before the Court on the      day of October 2020, and the motion having been duly served, the Court having granted the relief sought in the Motion, it is hereby

      ORDERED, that the Motion to vacate the automatic stay brought by Danya Cebus is hereby granted, and Danya Cebus is permitted to continue the prosecution of the third party lawsuit in Supreme Court of the State of New York, County of New York, Index Number 65606/2018,) and that enforcement of any judgment or settlement obtained therein by Danya Cebus and/or any party in the underlying action against the debtor in bankruptcy shall be limited to the debtor's applicable liability insurance policy(ies).

Dated: _____, 2020

 

 

_____
The Honorable Carla E. Craig

# EXHIBIT A

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

470 4TH AVENUE FEE OWNER, LLC,

                Plaintiff,

    -against-

ADAM AMERICA LLC, d/b/a ADAM AMERICA
REAL ESTATE, 470 4TH AVENUE INVESTORS
LLC, and DANYA CEBUS CONSTRUCTION,
LLC,

                Defendants.

---

Index No.

Date Purchased: December 31, 2018

Plaintiff designates New York County
as the place of trial pursuant to CPLR
§ 503(a)

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve

a copy of your answer, or, if a complaint is not served with this summons, to serve a notice of

appearance, on the plaintiff's attorneys at the address set forth below within twenty (20) days

after the service of this summons, exclusive of the day of service, or within thirty (30) days after

the service is complete where service is made in any manner other than by personal delivery

within the State of New York. In case of your failure to appear or answer, judgment will be

taken against you by default for the relief demanded in the complaint.

    The basis for venue is plaintiff's residence in New York County pursuant to CPLR

§ 503(a).

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM
NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

Dated: New York, New York
       December 31, 2018

SHER TREMONTE LLP

By: /s/ Justin M. Sher
       Justin M. Sher
       Erica A. Wolff
       Anna Estevao
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: 212.202.2600
jsher@shertremonte.com
ewolff@shertremonte.com

*Attorneys for Plaintiff*
*470 4th Avenue Fee Owner, LLC*

2

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM
NYSCEF DOC. NO. 1

INDEX NO. 656506/2018
RECEIVED NYSCEF: 12/31/2018

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---

470 4TH AVENUE FEE OWNER, LLC,

                Plaintiff,

     -against-

ADAM AMERICA LLC, d/b/a ADAM AMERICA
REAL ESTATE, 470 4TH AVENUE INVESTORS
LLC, and DANYA CEBUS CONSTRUCTION,
LLC,

                Defendants.

**COMPLAINT**

---

    Plaintiff 470 4th Avenue Fee Owner, LLC (the "Plaintiff"), by its undersigned attorneys,

Sher Tremonte LLP, for its complaint against defendants Adam America LLC, d/b/a Adam

America Real Estate ("Adam America"), 470 4th Avenue Investors LLC (the "Seller"), and

Danya Cebus Construction, LLC ("Danya Cebus" or the "Contractor," and collectively, the

"Defendants"), alleges as follows:

<strong><u>NATURE OF ACTION</u></strong>

    1.     This action arises from Defendants' defective construction of a residential

apartment building, their concealment of, and misrepresentations about, those defects to induce

Plaintiff to purchase the building, and their failure to fix the defects as required by the parties'

agreements.

    2.     Defendants financed, developed, and constructed the building located at 470 4th

Avenue in the Gowanus neighborhood of Brooklyn, New York (the "Property").

1

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM
NYSCEF DOC. NO. 1

INDEX NO. 656506/2018
RECEIVED NYSCEF: 12/31/2018

3.      Although the building features high-end finishes and accents designed to attract

tenants seeking luxury apartments, Defendants cut corners to save time and money in places the

tenants – and Plaintiff – could not see.

4.      For example, Defendants ordered the wrong parts for the hundreds of heating and

air conditioning systems installed throughout the Property.  Rather than exchange the parts –

called louvers – which would have cost time and money, Defendants manually cut the louvers in

an effort to make the heating and air conditioning systems work.  This alteration, which the

manufacturer warned Defendants would void the applicable warranty, resulted in water damage

throughout the Property.

5.      Defendants made similar choices in the course of constructing the Property that

resulted in defects in the façade, roof system, wall cladding, fenestration, foundation, elevators,

wood flooring, and the mechanical, plumbing, electrical and fire protection systems (collectively,

the "Construction Defects").

6.      From late 2016 through May 2018, Defendants concealed the Construction

Defects and lied to Plaintiff to induce Plaintiff to purchase the Property.

7.      On or about May 24, 2018, Plaintiff purchased the Property for $81 million.

8.      Several months after the purchase, tenants complained about leaks in their

apartments.

9.      Plaintiff began an invasive investigation of the Property – an investigation

Plaintiff had been prohibited from conducting prior to closing on the purchase of the Property.

10.     Following the investigation, Plaintiff discovered the Construction Defects.

11.     Plaintiff directed Defendants to remediate the Construction Defects as required by

the parties' agreements.

2

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

12.     In violation of their agreements, Defendants failed to remediate the Construction Defects.

13.     The Construction Defects caused water damage that rendered multiple apartment units and common areas uninhabitable.

14.     Plaintiff has incurred and will continue to incur expenses arising from the Construction Defects, including costs associated with assessing the scope of the damage, remediating the Construction Defects, repairing units throughout the Property, and accommodating displaced tenants.

15.     Plaintiff has also incurred and will continue to incur losses arising from the Construction Defects, including lost rental income for units that could not be leased for sustained periods.

16.     In this action, Plaintiff brings claims of breach of contract, fraud, and related claims to recover the damages caused by Defendants' unlawful conduct.

## JURISDICTION AND VENUE

17.     This Court has personal and subject matter jurisdiction over this action pursuant to CPLR §§ 301 and 302(a)(1).

18.     Venue is proper in New York County pursuant to CPLR § 503(a) because Plaintiff maintains its principal place of business in New York County.

## THE PARTIES

19.     Plaintiff is a Delaware limited liability company, with its principal place of business located at 340 Madison Avenue, Suite 3C, New York, New York 10173.

3

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM
NYSCEF DOC. NO. 1

INDEX NO. 656506/2018
RECEIVED NYSCEF: 12/31/2018

20.     Upon information and belief, Defendant Adam America LLC, d/b/a Adam America Real Estate, is a Delaware limited liability company with its principal place of business located at 850 Third Avenue, Suite 13D, New York, New York 10022.

21.     Upon information and belief, Defendant Seller, 470 4th Avenue Investors LLC, is a Delaware limited liability company with its principal place of business located at c/o Adam America Real Estate, 850 Third Avenue, Suite 13D, New York, New York 10022. Upon information and belief, the Seller is wholly owned by Adam America.

22.     Upon information and belief, Defendant Contractor, Danya Cebus Construction, LLC, is a New York limited liability company, with its principal place of business located at 111 John Street, Suite 220, New York, New York 10038. Upon information and belief, Adam America and Danya Cebus, or their affiliates, have worked together on multiple projects in Brooklyn and in other cities.

## FACTS COMMON TO ALL CAUSES OF ACTION

### A. *The Contractor Warrants that the Construction Will Conform to the Contract Documents and Be Free from Defect*

23.     In July 2014, the Seller hired the Contractor to construct a multifamily apartment building on the property located at 470 4th Avenue in Brooklyn. The Property was to include 12 stories and one cellar level, consisting of approximately 104,724.25 gross square feet, and comprised of 105 residential units, a ground floor retail space, a ground floor community facility, and multiple parking spaces.

24.     Pursuant to the agreement between the Seller and the Contractor (the "Contractor Agreement"), the Contractor warrants that (1) "the Work will conform to the requirements of the Contract Documents" and (2) "will be free from defects for a period of one . . . year from the date of Substantial Completion."

4

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

25.    The term "Contract Documents" is defined to include, among other things, the project drawings, specifications, and written requirements for materials, equipment, systems, and standards of workmanship.

26.    The term "Substantial Completion" is defined as the date or dates on which a temporary certificate of occupancy is obtained.

### B.  *Defendants Cut Corners and Construct the Property with Defects*

27.    In the course of constructing the Property, the Contractor attempted to save time and money by cutting corners.

28.    The Contractor introduced – upon information and belief, with Seller's knowledge and acquiescence – multiple defects that, once installed and constructed, were concealed and undiscoverable without destructive investigation.

#### *The Manually Altered and Defectively Installed PTAC Units*

29.    Defendants installed Packaged Terminal Air Conditioning units ("PTAC units") to provide air conditioning and heat and to regulate the temperature throughout the Property. Each apartment and common space had one to four PTAC units.

30.    The PTAC units were designed by the manufacturer to ensure proper ventilation and removal of condensation.

31.    However, in order to save time and money, the Contractor manually altered the PTAC units and their requisite parts in ways that caused severe water infiltration and prevented the units from removing condensation as designed.

32.    For example, upon information and belief, the louvers the Contractor ordered for the PTAC units were inconsistent with the airflow specifications in the project drawings and did not allow for sufficient ventilation to the units.  To avoid the expense and delay of exchanging

5

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM    INDEX NO. 656506/2018
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 12/31/2018

the nonconforming louvers for correct louvers, the Contractor manually cut the louver blades at every PTAC unit in an attempt to allow for more airflow into the units. This alteration allowed more air to flow into the Property, but also permitted excessive amounts of water to enter the building when it rained.

33.    Upon information and belief, these improper alterations were performed by the Contractor even though the PTAC manufacturer had explicitly warned the Contractor that cutting the louver blades would void the PTAC warranty.

34.    In addition, the Contractor cut holes in the condensate pans of the PTAC units and installed the PTAC units in other ways that deviated from the manufacturer's specifications.

35.    The manual alterations and improper installation of the PTAC units were inconsistent with the mechanical, electrical and plumbing drawings for the Property and resulted in water damage throughout the Property.

36.    Upon information and belief, the Defendants knew about and approved the manual alterations and improper installation of the PTAC units.

37.    Once the PTAC units were installed, the alterations and installation defects could not be discovered without invasive testing and investigation. As a consequence, these defects were known only to Defendants and their agents.

### The Defective Construction of the Property Foundation, Roof, Façade, and Fenestration Systems

38.     Defendants took the same approach – disregarding installation instructions, industry standards, contract documents, and protocol – in many other aspects of the Property's construction in order to save time and money.

6

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

39.    Among other things, the Contractor installed the foundation, roofing membrane, exterior wall and fenestration system in ways that departed from the project drawings and product instructions and caused significant water infiltration.

40.    For example, the Contractor failed to apply sufficient roofing membrane, sealant, and sealant joints to the roof and exterior façade as required by the project drawings and installation instructions. The Contractor's shortcuts resulted in a roof and façade that lacked adequate weatherproofing.

41.    The Contractor also left gaps throughout the façade, including in the sections of the façade where the PTAC units were installed. These defects allow water to penetrate the Property at unacceptable levels.

42.    The Contractor also constructed the foundation without proper waterproofing. When this defect led to leaks, Defendants failed to properly patch those leaks in accordance with industry standards.

43.    In addition, the Contractor left multiple rebars in the foundation exposed instead of fully encasing them in poured concrete. Defendants similarly failed to cover surfaces with parging or, in some cases did so with only rough parging.

44.    These defects allowed water to penetrate the foundation and caused additional damage to the Property.

45.    Upon information and belief, the incomplete foundation and other Construction Defects do not conform to the architectural plans.

46.    The Construction Defects were not discoverable without invasive testing and investigation and were known only to Defendants and their agents.

7

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

### C. *Defendants Misrepresent the Quality of Construction*

47.     In or about late 2016, Plaintiff, Adam America, and Seller began discussions concerning Plaintiff's potential purchase of the Property.

48.     Defendants, as the developers, contractor, and owner of Property, had superior knowledge about the Property's construction – and particularly about the Construction Defects – that was not available to Plaintiff.

49.     Defendants held themselves out to be experts in matters of building construction and development and represented that they had successfully developed and constructed other, similar apartment buildings in the past.

50.     In the course of the discussions, Defendants misrepresented the quality of construction to Plaintiff. For example, on August 20, 2017, the agent for Seller and Adam America, Golan Hod, represented to Plaintiff "that all work performed [on the Property] substantially conforms to the approved construction documents." Plaintiff relied on that misrepresentation in deciding to option – and eventually purchase – the Property.

51.     Upon information and belief, Seller and Adam America knew that the Contractor's work did not conform to the approved construction documents.

52.     Plaintiff engaged CBRE Group, Inc. ("CBRE"), a reputable commercial real estate evaluation firm, to inspect the Property.

53.     On behalf of Plaintiff, CBRE performed site visits on or about May 25, 2017 and February 21, 2018.

54.     Defendants did not permit Plaintiff or CBRE to inspect behind walls, lift floor boards, or conduct any other invasive testing. As a result, Plaintiff was forced to rely on Defendants' representations concerning the quality of the construction.

8

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

55. During the site visits, CBRE conducted interviews of Defendants' agents, including Seller and Adam America's agents, Alexandra Bacauanu and Golan Hod, and Contractor's agent, Dvir Saf.

56. During the site visits, Bacauanu, Hod, and Saf falsely represented there were no "chronic problems" with the PTAC units.

57. During the site visits, Bacauanu, Hod, and Saf falsely represented there was "no evidence of leakage at the roof or windows."

58. Although CBRE observed deteriorated paint finishes in window sills in multiple apartment units, Defendants concealed the underlying cause of the damage, namely the altered and improperly installed PTAC units and the defective façade.

59. Defendants also concealed from Plaintiff the other Construction Defects.

60. In fact, despite being asked directly for information about any latent defects, issues with the integrity of the Property, and any deviations from the architectural plans, Defendants failed to disclose any of the Construction Defects.

### D. Seller and Adam America Falsely Represent that Underlying Conditions Causing the Deterioration Were Cured

61. On September 8, 2017, Plaintiff and the Seller entered into an agreement (the "Option Agreement"), pursuant to which Plaintiff obtained the option to purchase the Property. The Option Agreement was amended on February 26, 2018, and again on March 2, 2018, to extend the deadline by which Plaintiff could exercise its option to purchase the property.

62. On or about March 9, 2018, Plaintiff exercised its option and executed the Purchase and Sale Agreement, pursuant to which Plaintiff agreed to purchase the property for $81 million. The agreement was amended by the First Amendment to the Purchase and Sale Agreement dated May 24, 2018 (together, the "PSA").

9

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM
NYSCEF DOC. NO. 1

INDEX NO. 656506/2018
RECEIVED NYSCEF: 12/31/2018

63.     Although the PSA provides for the purchase of the Property "as is," the PSA contains multiple representations and warranties by the Seller on which Plaintiff was entitled to, and did in fact, rely.

64.     As part of the PSA, the parties agreed that, prior to the closing date, "Seller shall diligently and in a good workmanlike manner . . . fully complete and pay for any uncompleted work" set forth in an attached punch list. To the extent Defendant failed to complete the punch list items prior to closing, Defendant is required to pay for any uncompleted work.

65.     The punch list included the damage identified by CBRE – the deterioration to window sills and base boards around certain PTAC units. Because CBRE could not identify the source of the damage, the parties agreed that Seller would also "cure[]" the "underlying conditions" that led to the defects:

> "Deteriorated finishes were noted at painted wood window sills and painted wood bases at numerous units. The *underlying conditions that led to these defects should be cured* and the finishes should be repaired and repainted." (PSA Ex. L (emphasis added).)

66.     The punch list also indicated that approximately half of the apartments had defects in the hardwood flooring, including cupped surfaces, cracked wood surfaces, and open joints.

67.     On or about April 20, 2018, Plaintiff's construction consultant, Edward Venezia, walked through the Property with three agents of the Seller and Adam America, Golan Hod and Alexandra Bacauanu, property managers, and Besnik Daci, the superintendent of the Property.

68.     During the walkthrough, Defendants' agents falsely represented that many of the items on the punch list had been completed.

10

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

69.    During the walkthrough, Hod falsely represented to Plaintiff's agent, Edward Venezia, that the underlying conditions that led to the deteriorated finishes at window sills and base boards had been repaired.

70.    Upon information and belief, Seller and Adam America knew about the installation defects and field alterations to the PTAC units, and intentionally concealed them from Plaintiff.

71.    Upon information and belief, Seller and Adam America knew that the installation defects and field alterations to the PTAC units and the improperly installed façade were the "underlying conditions" causing deterioration around the window sills and base boards.

72.    During the April 20, 2018 walkthrough, Hod also falsely represented that the cupped surfaces and other defects in the hardwood flooring resulted from the units being unoccupied because no one was operating the PTAC units to regulate the temperature.

73.    Because Plaintiff was not able to see the extensive water damage under the hardwood flooring, Plaintiff reasonably believed Defendants' representations.

74.    After closing on the purchase of the Property, Plaintiff discovered extensive water damage and mold under the hardwood flooring – conditions which could not have been caused by a brief period of unregulated temperatures, as Defendants had claimed.

75.    Upon information and belief, Seller and Adam America knew that the cupped surfaces and other defects in the hardwood flooring were caused by severe and sustained water damage resulting from the installation defects and field alterations to the PTAC units.

76.    Upon information and belief, Seller and Adam America intentionally misrepresented they had cured the underlying conditions that led to the deterioration around the PTAC units and to the hardwood flooring.

11

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

77.    On or about May 14, 2018, Seller and Adam America's principal, Tomer Yogev, accompanied Plaintiff on a final walkthrough of the Property and falsely represented that numerous defects had been or would soon be properly fixed.

78.    On May 24, 2018 – the date of the closing – the Parties executed the First Amendment to the Purchase and Sale Agreement, which replaced the original punch list with an amended punch list.  Seller was obligated to repair the defects identified in the amended punch list after the closing.

79.    Reasonably relying on Seller and Adam America's misrepresentations during the walkthrough that the underlying conditions causing the deteriorated window sills and wood bases had been resolved, Plaintiff agreed to remove this item from the final punch list and to close on the purchase of the Property.

80.    Reasonably relying on Seller and Adam America's misrepresentations during the walkthrough that the cupped surfaces and other defects in the hardwood flooring had resulted from temperature inconsistencies that would be resolved when PTAC units were regularly used, Plaintiff agreed to remove this item from the final punch list and to close on the Property.

### E.  The Seller Breaches Its Post-Closing Obligation to Remediate Cellar Leaks, Damage around PTAC Units, and Damaged Floors

81.    The final punch list attached to the First Amendment to the PSA included the following items:

   a.   concrete in the subgrade parking garage that was "subject to water intrusion";

   b.   "domestic water service piping" that was "leaking at the cellar level water meter room";

   c.   damage in or around multiple PTAC units; and

   d.   damaged flooring in multiple apartments.

12

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM
NYSCEF DOC. NO. 1

INDEX NO. 656506/2018
RECEIVED NYSCEF: 12/31/2018

82.    Like the other items on the final punch list, the Seller was contractually required to "diligently and in a good workmanlike manner . . . fully complete and pay for any uncompleted work" as set forth on the punch list.

83.    The parties agreed that the Seller's obligation to complete and pay for uncompleted work would "survive closing."

84.    Despite Plaintiff's numerous requests, the Seller has failed to repair the leaks in the cellar.

85.    Despite Plaintiff's numerous requests, the Seller has failed to replace the damaged flooring.

86.    Despite Plaintiff's numerous requests, the Seller has failed to repair the damage in and around multiple PTAC units.

### F. Plaintiff Discovers the Construction Defects After the Property Sustains Water Damage

87.    Following the closing of the purchase, the Property sustained substantial water damage from multiple sources. Water flowed from and through the PTAC units and into the interior of the residential units, flooded through the basement and parking garage, and leaked through the roof.

88.    After performing invasive testing and removing PTAC units from the walls of the residential units, Plaintiff discovered the units had been manually altered and improperly installed.

89.    Defendants' failure to repair the leaks in the cellar and parking garage resulted in severe flooding that required the removal of sheetrock from multiple rooms. Upon removing the sheetrock, Plaintiff discovered that a history of flooding had caused mold in the walls. In

13

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

addition, Plaintiff discovered that Defendants had inadequately waterproofed the foundation of the Property and failed to properly patch leaks in accordance with industry standards.

### G. *Seller Fails to Assign or Enforce Warranties*

90.   The Property is covered by warranties provided to Seller by third parties.

91.   These warranties include the Contractor's warranty to construct the Property in conformance with the applicable drawings and specifications, the Contractor's warranty to maintain the Property free of defects for one year following the substantial completion of construction, and the roofer's warranty to remedy defects in the roof.

92.   Under the PSA, the Seller was obligated to assign to Plaintiff such third-party warranties or, to the extent any third-party warranties were not assignable, to "use commercially reasonable efforts to enforce such warranty, guaranty or indemnity for the benefit of [Plaintiff]."

93.   Seller has represented that it assigned all third-party warranties to Plaintiff.

94.   However, certain third-party warrantors -- including the roofing manufacturer and the Contractor -- have indicated their warranties were not properly assigned to Plaintiff because the warrantors never consented to an assignment or never received the proper documentation to effect an assignment.

95.   Upon information and belief, the Seller thus failed to properly assign to Plaintiff the third-party warranties.

96.   Upon information and belief, by improperly installing certain equipment and materials, including the PTAC units and roofing, Defendants also invalidated certain warranties Seller was obligated to assign or enforce.

97.   Prior to the expiration of the Contractor's warranty that the Property be free and clear of defects, Plaintiff informed Defendants of the Construction Defects, including but not

14

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM
NYSCEF DOC. NO. 1

INDEX NO. 656506/2018
RECEIVED NYSCEF: 12/31/2018

limited to, defective wood floors, defective waterproofing, defective roofing, defective PTAC alterations and installations, and leaks in the basement.

98.    Plaintiff directed Contractor to remediate the Construction Defects.

99.    Plaintiff also directed Seller to use commercially reasonable efforts to enforce any warranties it had not properly assigned to Plaintiff to remediate the Construction Defects.

100.    The Contractor has breached its warranties to construct the Property in conformance with the project's drawings and specifications and to maintain the Property free of defects for one year following the substantial completion of construction.

101.    The Seller has similarly failed to use commercially reasonable efforts to enforce those warranties it failed to properly assign to Plaintiff, including the warranties provided by the Contractor and the roofing manufacturer.

### H.  *Plaintiff's Damages*

102.    Defendants have failed to correct the Construction Defects to date.

103.    The defects have resulted in significant water damage and mold growth.

104.    The defects rendered multiple apartment units and common areas uninhabitable.

105.    As a consequence of the Construction Defects, Plaintiff has incurred significant expenses, including costs associated with engineering and environmental services to evaluate the scope of damage and remediation, leak mitigation, rent abatements, hospitality suite accommodations for displaced tenants, and lost rental income for units that cannot be leased.

106.    Plaintiff has incurred and will continue to incur significant expenses to remediate the Construction Defects.

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM
NYSCEF DOC. NO. 1

INDEX NO. 656506/2018
RECEIVED NYSCEF: 12/31/2018

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT
### (Against Defendant Seller for Breach of PSA)

107.    Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

108.    Plaintiff and Defendant Seller entered into the PSA for Plaintiff's purchase of the Property from Seller, which was a valid, legally enforceable written agreement.

109.    Pursuant to the PSA, Plaintiff agreed to pay the Seller approximately $81 million subject to certain adjustments.

110.    Pursuant to the PSA, the Seller agreed, among other things, to complete the work set forth in the punch list "diligently and in a good workmanlike manner."

111.    Plaintiff performed its obligations under the PSA by, among other things, paying the purchase price set forth in the PSA.

112.    The Seller breached its obligations under that PSA by failing to "diligently and in a good workmanlike manner" complete the work set forth in the punch list in violation of Section 2(d) of the First Amendment to the PSA, including, but not limited to the following work:

   a.    concrete in the subgrade parking garage that was "subject to water intrusion";

   b.    "domestic water service piping" that was "leaking at the cellar level water meter room";

   c.    damage in or around multiple PTAC units; and

   d.    damaged flooring in multiple apartments.

113.    Upon information and belief, the Seller breached its obligations under the PSA by failing to properly assign to Plaintiff the Contractor's warranty that the work conform with the "Contract Documents," in violation of Section 7.01(f) of the PSA.

16

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

114.    The Seller breached its obligations under the PSA by failing to use "commercially reasonable efforts to enforce" the Contractor's warranty that the work conform with the "Contract Documents," in violation of Section 7.01(f) of the PSA.

115.    Upon information and belief, the Seller breached its obligations under the PSA by failing to properly assign to Plaintiff the Contractor's warranty that the Property be free from defect for one year, in violation of Section 7.01(f) of the PSA.

116.    The Seller breached its obligations under the PSA by failing to use "commercially reasonable efforts to enforce" the Contractor's warranty that the Property be free from defect for one year, in violation of Section 7.01(f) of the PSA.

117.    Upon information and belief, the Seller breached its obligations under the PSA by failing to properly assign to Plaintiff the roofing warranty, in violation of Section 7.01(f) of the PSA.

118.    The Seller breached its obligations under the PSA by failing to use "commercially reasonable efforts to enforce" the roofing warranty, in violation of Section 7.01(f) of the PSA.

119.    Upon information and belief, the Seller breached its obligations under the PSA by failing to properly assign or use commercially reasonable efforts to enforce other warranties, including the warranty that covered the PTAC units.

120.    The PSA contains an implied covenant of good faith and fair dealing.

121.    The Seller breached the implied covenant of good faith and fair dealing by, among other things, concealing and making false representations concerning the defective, non-conforming construction throughout the Property, concealing the alterations and improper installation of the PTAC units, falsely stating the underlying conditions that had caused deterioration to the windows and base boards had been cured, falsely stating that defects in the

17

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

hardwood flooring were due to temperature control issues, and failing to properly complete and waterproof the Property's roof and foundation.

122.    Upon information and belief, the Seller further breached the covenant of good faith and fair dealing by installing or permitting the Contractor to install certain equipment and materials in ways that invalidated the warranties Seller was obligated to assign or enforce.

123.    As a direct and proximate cause of the Seller's breaches of the PSA, Plaintiff has suffered damages in an amount to be determined at trial of no less than $8 million.

**SECOND CLAIM FOR RELIEF**
**FRAUDULENT INDUCEMENT**
**(Against All Defendants)**

124.    Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

125.    Defendants Seller and Adam America made false representations about the quality and nature of the Property's construction, the source of apparent defects, and the remediation undertaken by Defendants, including but not limited to the following misrepresentations:

    a.  On August 20, 2017, Golan Hod, an agent of Adam America and Seller, falsely represented to Plaintiff "that all work performed [on the Property] substantially conforms to the approved construction documents";

    b.  On or about April 20, 2018, Golan Hod and Alexandra Bacauanu, acting on behalf of Adam America and Seller, falsely represented to Plaintiff's agent, Edward Venezia that the underlying conditions that led to deterioration around window sills and base boards had been repaired;

    c.  On or about April 20, 2018, Seller's and Adam America's agents Golan Hod, and Alexandra Bacauanu falsely represented to Plaintiff's agent, Edward Venezia, that the cupped surfaces and other defects in the hardwood flooring were caused by inconsistent temperatures due to the absence of operating PTAC units.

18

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM
NYSCEF DOC. NO. 1

INDEX NO. 656506/2018
RECEIVED NYSCEF: 12/31/2018

126.    Upon information and belief, Defendants knew that the foregoing representations were false.

127.    All Defendants also materially omitted from their disclosures the quality and nature of the Property's construction, the source of defects, and the remediation undertaken by Defendants, including but not limited to the following:

 a. Failing to report "any chronic problems" with the Property's PTAC units when Adam America's agent Golan Hod and Contractor's agent Dvir Saf were interviewed by Plaintiff's agent, CBRE, on or about May 25, 2017;

 b. Failing to report "any chronic problems" with the Property's PTAC units when Adam America's agent Alexandra Bacauanu was interviewed by Plaintiff's agent, CBRE, on or about February 21, 2018;

 c. Failing to report any leaks in the roof or windows when Adam America's agent Golan Hod and Contractor's agent, Dvir Saf were interviewed by Plaintiff's agent, CBRE, on or about May 25, 2017;

 d. Failing to report any leaks in the roof or windows when Adam America's agent Alexandra Bacauanu was interviewed by Plaintiff's agent, CBRE, on or about February 21, 2018; and

 e. Failing to disclose the extensive Construction Defects prior to closing, including but not limited to the manual alteration and improper installation of the PTAC units and the insufficient waterproofing throughout the Property's interior, foundation, roofing, and façade.

128.    As the party responsible for constructing the Property, the Contractor possessed superior knowledge about the source of water infiltration, the true nature of the defects in the foundation, roof, façade, and PTAC units, and the true cause of the damage to the wood flooring throughout the Property.

129.    As the parties responsible for overseeing and directing the construction of the Property, Adam America and Seller also possessed superior knowledge about the source of water infiltration, the true nature of the defects in the foundation, roof, façade, and PTAC units, and the true cause of the damage to the wood flooring throughout the Property.

19

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

130.    This information was peculiarly within Defendants' knowledge and was unavailable to Plaintiff because the PSA prohibited Plaintiff from conducting invasive testing that would have uncovered these conditions.

131.    The foregoing false representations and omissions were material to Plaintiff's decision to enter into the Option Agreement and the PSA and ultimately to close on the purchase of the Property.

132.    Defendants made the foregoing material misrepresentations and omissions for the purpose of inducing Plaintiff to enter into the Option Agreement and the PSA and to close on the purchase of the Property.

133.    Plaintiff reasonably relied on Defendants' misrepresentations and omissions and was induced into executing the Option Agreement and the PSA and closing on the purchase of the Property.

134.    Plaintiff reasonably relied on Defendants' misrepresentations and omissions and was induced into removing from the punch list certain items, including the underlying causes of the deterioration of the window sills and base boards and the damaged flooring.

135.    As a direct and proximate result of Defendants' misrepresentations and omissions, Plaintiff has suffered damages in an amount to be determined at trial of no less than $8 million.

### THIRD CLAIM FOR RELIEF
### FRAUDULENT CONCEALMENT
#### (Against All Defendants)

136.    Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

137.    Defendants, as the developers, contractor, and owner of the Property, had superior knowledge and special expertise that was not possessed by Plaintiff concerning the quality and

20

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

nature of the Property's construction, the sources of defects, and the remediation undertaken by

Defendants.

138.    Plaintiff was prohibited from performing any invasive testing prior to closing on

the purchase of the Property.

139.    Defendants owed Plaintiff a duty to disclose material information to Plaintiff

concerning the quality and nature of the Property's construction, the sources of defects, and the

remediation undertaken by Defendants.

140.    Defendants instead violated this duty and intentionally concealed from Plaintiff

material information that was otherwise unknown and not readily available to Plaintiff,

including, but not limited to:

a. Failing to report "any chronic problems" with the Property's PTAC units when
   Adam America's agent Golan Hod and Contractor's agent Dvir Saf were
   interviewed by Plaintiff's agent, CBRE, on or about May 25, 2017;

b. Failing to report "any chronic problems" with the Property's PTAC units when
   Adam America's agent Alexandra Bacauanu was interviewed by Plaintiff's agent,
   CBRE, on or about February 21, 2018;

c. Failing to report any leaks in the roof or windows when Adam America's agent
   Golan Hod and Contractor's agent Dvir Saf were interviewed by Plaintiff's agent,
   CBRE, on or about May 25, 2017;

d. Failing to report any leaks in the roof or windows when Adam America's agent
   Alexandra Bacauanu was interviewed by Plaintiff's agent, CBRE, on or about
   February 21, 2018; and

e. Failing to disclose the Construction Defects prior to closing, including but not
   limited to the manual alteration and improper installation of the PTAC units and
   the insufficient waterproofing throughout the Property's interior, foundation,
   roofing, and façade.

141.    Defendants intended to deceive Plaintiff by concealing this information, knowing

that Plaintiff was unable to discover the Construction Defects prior to closing on the purchase of

the Property.

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

142.    Plaintiff justifiably relied on Defendant's concealment and executed the Option

Agreement and the PSA and closed on the purchase of the Property.

143.    As a direct and proximate result of Defendants' fraudulent concealment, Plaintiff

has suffered damages in an amount to be determined at trial of no less than $8 million.

**FOURTH CLAIM FOR RELIEF**
**NEGLIGENT MISREPRESENTATION**
**(Against All Defendants)**

144.    Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set

forth herein.

145.    As the developers, contractor, and owner of the Property, Defendants possessed

unique and specialized knowledge and expertise regarding the quality and nature of the

Property's construction, the existence of latent defects, the source of certain issues affecting the

Property, and the lack of remediation to address such issues and defects.

146.    Because Defendants had such superior knowledge and knew that Plaintiff was

unable to obtain such knowledge prior to closing on the purchase of the Property, Defendants

were in a special position of trust and confidence with Plaintiff.

147.    Defendants made false representations about the quality and nature of the

Property's construction, including the source of certain damage to the Property and the

remediation undertaken by Defendants, including but not limited to the following

misrepresentations:

    a.  On August 20, 2017, Golan Hod, an agent of Adam America and Seller, falsely
        represented to Plaintiff "that all work performed [on the Property] substantially
        conforms to the approved construction documents";

    b.  On or about April 20, 2018, Golan Hod and Alexandra Bacauanu, acting on
        behalf of Adam America and Seller, falsely represented to Plaintiff's agent,
        Edward Venezia that the underlying conditions that led to deterioration around
        window sills and base boards had been repaired;

22

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

    c. On or about April 20, 2018, Seller and Adam America's agents Golan Hod and Alexandra Bacauanu falsely represented to Plaintiff's agent, Edward Venezia, that the cupped surfaces and other defects in the hardwood flooring were caused by inconsistent temperatures due to the absence of operating PTAC units.

148.    Upon information and belief, Defendants knew that the foregoing representations were false.

149.    Defendants also materially omitted from their disclosures the quality and nature of the Property's construction, the existence of latent defects, the source of certain issues affecting the Property, and the remediation undertaken by Defendants, including but not limited to the following:

    a. Failing to report "any chronic problems" with the Property's PTAC units when Adam America's agent Golan Hod and Contractor's agent Dvir Saf were interviewed by Plaintiff's agent, CBRE, on or about May 25, 2017;

    b. Failing to report "any chronic problems" with the Property's PTAC units when Adam America's agent Alexandra Bacauanu was interviewed by Plaintiff's agent, CBRE, on or about February 21, 2018;

    c. Failing to report any leaks in the roof or windows when Adam America's agent Golan Hod and Contractor's agent Dvir Saf were interviewed by Plaintiff's agent, CBRE, on or about May 25, 2017;

    d. Failing to report any leaks in the roof or windows when Adam America's agent Alexandra Bacauanu was interviewed by Plaintiff's agent, CBRE, on or about February 21, 2018; and

    e. Failing to disclose the Construction Defects prior to closing, including but not limited to the manual alteration and improper installation of the PTAC units and the insufficient waterproofing throughout the Property's interior, foundation, roofing, and façade.

150.    As the party responsible for constructing the Property, the Contractor possessed superior knowledge about the source of water infiltration, the true nature of the defects in the foundation, roof, façade, and PTAC units, and the true cause of the damage to the wood flooring throughout the Property.

23

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM
NYSCEF DOC. NO. 1

INDEX NO. 656506/2018
RECEIVED NYSCEF: 12/31/2018

151.    As the parties responsible for financing, overseeing, and directing the construction of the Property, Defendants Adam America and Seller possessed superior knowledge about the source of water infiltration, the true nature of the defects in the foundation, roof, façade, and PTAC units, and the true cause of the damage to the wood flooring throughout the Property.

152.    This information was peculiarly within Defendants' knowledge and was unavailable to Plaintiff because the PSA prohibited Plaintiff from conducting invasive testing that would have uncovered these conditions.

153.    The foregoing false representations and omissions were material to Plaintiff's decision to enter into the Option Agreement and the PSA and ultimately to close on the purchase of the Property.

154.    Upon information and belief, Defendants negligently made the foregoing material misrepresentations and omissions.

155.    Plaintiff reasonably relied on Defendants' misrepresentations and omissions and was induced into executing the Option Agreement and the PSA and ultimately into closing on the purchase of the Property.

156.    Plaintiff reasonably relied on Defendants' misrepresentations and omissions and was induced into removing from the punch list certain items, including the underlying causes of the deterioration of the window sills and base boards and the damaged flooring.

157.    As a direct and proximate result of Defendants' misrepresentations and omissions, Plaintiff has suffered damages in an amount to be determined at trial of no less than $8 million.

24

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

### FIFTH CLAIM FOR RELIEF
### BREACH OF CONTRACT
#### (Against Defendant Danya Cebus for Breach of Warranty)

158.    Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

159.    Danya Cebus and Seller entered into the Contractor Agreement, which was a valid, legally enforceable, written agreement.

160.    Pursuant to the Contractor Agreement, Defendant Contractor warranted that work on the Property would conform with the Contract Documents, including but not limited to the project drawings and written specifications for materials, equipment, systems, standards, and workmanship.

161.    Pursuant to the Contractor Agreement, Defendant Contractor warranted that work on the Property would be free from defect for a period of one year following substantial completion of construction.

162.    Pursuant to the PSA between Plaintiff and the Seller, the Seller agreed to properly assign to Plaintiff all warranties associated with the Property, or, if such warranties were not assignable, then to use "commercially reasonable efforts to enforce" such warranties.

163.    Upon information and belief, the Seller maintains it assigned to Plaintiff all such warranties, including the warranties made by Contractor in the Contractor Agreement.

164.    Upon information and belief, Seller performed its obligations under the Contractor Agreement.

165.    Defendant Contractor breached its warranty by, among other things, constructing and installing the foundation, roof, façade, PTAC units, flooring, wall cladding, fenestration, elevators, mechanical, plumbing, electrical and fire protection systems in ways that failed to

25

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM
NYSCEF DOC. NO. 1

INDEX NO. 656506/2018
RECEIVED NYSCEF: 12/31/2018

materially conform with the project drawings and written specifications for materials, equipment, systems, standards, and workmanship.

166.    Defendant Contractor breached its warranty by, among other things, failing to correct the Construction Defects that occurred within one year of substantial completion of construction the Property.

167.    As a direct and proximate result of those breaches, Plaintiff suffered damages in an amount to be determined at trial of no less than $8 million.

### SIXTH CLAIM FOR RELIEF
### NEGLIGENCE
### (Against all Defendants)

168.    Plaintiff repeats and re-alleges each of the foregoing paragraphs as if fully set forth herein.

169.    Defendants owed Plaintiff a duty of care because, as the developers, contractor, and prior owner of the Property, Defendants possessed unique and specialized expertise regarding the quality and nature of the Property's construction, the source of defects, and the remediation undertaken by Defendants that was not readily available to Plaintiff.

170.    Because Defendants had such superior knowledge and because Plaintiff was not permitted to conduct invasive testing prior to closing on the purchase of the Property, Defendants were in a special position of trust and confidence with Plaintiff.

171.    Defendants breached their duty of care by performing and supervising construction that failed to conform with the Contract Documents and with the customs and standards of the industry and by introducing and failing to remedy the Construction Defects.

172.    As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages in an amount to be determined at trial of no less than $8 million.

26

FILED: NEW YORK COUNTY CLERK 12/31/2018 02:22 PM

NYSCEF DOC. NO. 1

INDEX NO. 656506/2018

RECEIVED NYSCEF: 12/31/2018

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For damages in an amount to be determined at trial but not less than $8 million plus

   interests and costs;

2. For punitive damages; and

3. For such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       December 31, 2018


SHER TREMONTE LLP


By: /s/ Justin M. Sher
    Justin M. Sher
    Erica A. Wolff
    Anna Estevao
90 Broad Street, 23rd Floor
New York, New York 10004
Tel: 212.202.2600
jsher@shertremonte.com
ewolff@shertremonte.com

27

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
470 4TH AVENUE FEE OWNER, LLC,                    Index No: 656506/2018

                              Plaintiff,          **NOTICE OF PRE-ANSWER**
                                                  **MOTION**

        -against-

ADAM AMERICA LLC, d/b/a ADAM AMERICA REAL
ESTATE, 470 4TH AVENUE INVESTORS LLC and
DANYA CEBUS CONSTRUCTION LLC,

                              Defendants.
------------------------------------------------------------------X

        **PLEASE TAKE NOTICE** that, upon the Affirmation of CHRISTOPHER L. PARISI,

ESQ. dated April 10, 2019, the Affidavit of Gideon Magen, and upon all the pleadings and

proceedings had herein, the undersigned Defendant DANYA CEBUS CONSTRUCTION LLC

will move this Honorable Court at the Motion Submission Part, Room 130, in the Supreme Court

of the State of New York, County of New York, at the Courthouse located at 60 Centre Street,

New York, New York 10007, on the 2nd day of May, 2019, at 9:30 a.m., of that day, or as soon

thereafter as counsel may be heard, for an Order:

        A.    Pursuant to CPLR § 3211(a)(1) dismissing the plaintiff's First Amended
              Complaint, and all causes of action and cross-claims, as against defendant
              DANYA CEBUS CONSTRUCTION LLC, because there is a defense
              founded upon documentary evidence; and,

        B.    Pursuant to CPLR § 3211(a)(7) dismissing the plaintiff's First Amended
              Complaint, and all causes of action and cross-claims, as against defendant
              DANYA CEBUS CONSTRUCTION LLC, because plaintiff has failed to
              state a claim upon which relief can be granted; and,

        C.    Pursuant to CPLR § 3211, inclusive of all subsections including (1) and
              (7), dismissing the plaintiff's First Amended Complaint and all causes of
              action and cross-claims, as against defendant DANYA CEBUS
              CONSTRUCTION LLC; and,

        D.    Such other, further, and different relief as to this Court may seem just,
              proper, and equitable.

The above-entitled action is for damages allegedly arising from construction defects and property damage.

**PLEASE TAKE FURTHER NOTICE** you are required to serve answering affidavits seven (7) days before the return date hereof.

Dated: New York, New York
April 10, 2019

Yours etc.,

GALLO VITUCCI KLAR LLP

By: CHRISTOPHER L. PARISI, ESQ.
*Attorneys for Defendant*
*DANYA CEBUS CONSTRUCTION LLC*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
File No.: ENFL-2019-4

TO:

SHER TREMONTE LLP
90 Broad Street, 23rd Fl.
New York, New York 10004
Phone: 212-202-2600
*Attorney for Plaintiff*
*470 4th Avenue Fee Owner, LLC*

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
470 4TH AVENUE FEE OWNER, LLC,

                  Plaintiff,

      - against –

ADAM AMERICA LLC D/B/A ADAM AMERICA
REAL ESTATE, 470 4TH AVENUE INVESTORS LLC
AND DANYA CEBUS CONSTRUCTION LLC,

                  Defendants.
-------------------------------------------------------------------x
DANYA CEBUS CONSTRUCTION LLC,

                Third-Party Plaintiff,

      - against –

BEST PLUMBING & HEATING INC., AMRA
ELECTRICAL CORPORATION, ALL ABOUT AC
CORP., MAR-SAL CONTRACTING INC.,
MILESTONE MASONRY CORPORATION, MEC
GENERAL, INC., RED HOOK CONSTRUCTION
GROUP-II, LLC, SUPREME FLOORING
COVERINGS LIMITED LIABILITY COMPANY, K2
CONSTRUCTION, INC a/k/a K2 CONSTRUCTION
LLC a/k/a K2 CONSTRUCTION AND
DEVELOPMENTS, INC., and RODNEY KATZ,
individually,

                Third-Party Defendants.
-------------------------------------------------------------------x

Index No.: 656506/2018

**STATEMENT PURSUANT TO
CPLR 3402(b)**

Third-Party
Index No.:

**PLEASE TAKE NOTICE**, that in the above-entitled action the Defendant/Third-Party

Plaintiff DANYA CEBUS CONSTRUCTION LLC ("Defendant/ Third-Party Plaintiff" or "Danya

Cebus") as and for its Third-Party Complaint against Third-Party Defendants, BEST PLUMBING

& HEATING INC., AMRA ELECTRICAL CORPORATION, ALL ABOUT AC CORP., MAR-

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

SAL CONTRACTING INC., MILESTONE MASONRY CORPORATION, MEC GENERAL, INC., RED HOOK CONSTRUCTION GROUP-II, LLC, SUPREME FLOORING COVERINGS LIMITED LIABILITY COMPANY, K2 CONSTRUCTION, INC a/k/a K2 CONSTRUCTION LLC a/k/a K2 CONSTRUCTION AND DEVELOPMENTS, INC., and RODNEY KATZ, individually, that the caption of this action is now set forth above; that this action is presently not on the trial calendar of this Court; and that a copy of this statement has been served upon all of the attorneys who have appeared in this action.

The Note of Issue has not yet been served in this action, and this case has not yet been noticed for trial.

Dated: New York, New York
February 5, 2020

GALLO VITUCCI KLAR LLP

By:_____
Tammy A. Wilson, Esq.
*Attorneys for Defendant/Third-Party Plaintiff*
*Danya Cebus Construction LLC*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
TWilson@gvlaw.com
File No.: ENFL-2019-4

To: All Parties via NYS CEF

Best Plumbing & Heating, Inc.
507 Graham Avenue
Brooklyn, New York 11222
(via New York Secretary of State)

Amra Electrical Corporation
568 Flatbush Avenue
Brooklyn, New York 11225

(via New York Secretary of State)

All About AC Corp.
82-42 210th Street
Queens Village, New York 11427-1310
(via New York Secretary of State)

Red Hook Construction Group-II, LLC
83 E. Main Street
Bayshore, New York 11706
(via New York Secretary of State)

Mar-Sal Contracting Inc.
8010 15th Avenue, 2nd floor
Brooklyn, New York 11228
(via New York Secretary of State)

MEC General, Inc.
33-20 61st Street
Woodside, New York 11377
(via New York Secretary of State)

Milestone Masonry Corporation
976 Mclean Avenue
Yonkers, New York 10704
(via New York Secretary of State)

Supreme Floor Coverings Limited Liability Company
1072 Madison Avenue
Lakewood, NJ 08701
(via New York Secretary of State)

K2 Construction Inc.
293 Castle Avenue
Westbury, New York 11590
(via New York Secretary of State)

Rodney Katz
259 Rockaway Turnpike, Apt. 2
Lawrence, New York 11559
(via personal service)

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

470 4TH AVENUE FEE OWNER, LLC,

Index No.: 656506/2018

Plaintiff,

- against –

**THIRD-PARTY SUMMONS**

ADAM AMERICA LLC D/B/A ADAM AMERICA
REAL ESTATE, 470 4TH AVENUE INVESTORS LLC
AND DANYA CEBUS CONSTRUCTION LLC,

Defendants.

------------------------------------------------------------------x

DANYA CEBUS CONSTRUCTION LLC,

Third-Party Plaintiff,

- against –

Third-Party
Index No.:

BEST PLUMBING & HEATING INC., AMRA
ELECTRICAL CORPORATION, ALL ABOUT AC
CORP., MAR-SAL CONTRACTING INC.,
MILESTONE MASONRY CORPORATION, MEC
GENERAL, INC., RED HOOK CONSTRUCTION
GROUP-II, LLC, SUPREME FLOORING
COVERINGS LIMITED LIABILITY COMPANY, K2
CONSTRUCTION, INC a/k/a K2 CONSTRUCTION
LLC a/k/a K2 CONSTRUCTION AND
DEVELOPMENTS, INC., and RODNEY KATZ,
individually,

Third-Party Defendants.

------------------------------------------------------------------x

**TO:    THE ABOVE-NAMED THIRD-PARTY DEFENDANTS:**

**YOU ARE HEREBY SUMMONED,** to answer the Third-Party Complaint of

Defendant/Third-Party Plaintiff, Danya Cebus Construction, LLC in this action and to serve a copy

of your Answer on all parties, or if the Third-Party Complaint is not served with this summons, to

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM

NYSCEF DOC. NO. 114

INDEX NO. 656506/2018

RECEIVED NYSCEF: 02/05/2020

serve a notice of appearance on the Defendant/Third-Party Plaintiff's attorney(s) within twenty (20) days after the service of this Third-Party Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Third-Party Summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Third-Party Complaint.

New York County is the proper venue for this action because it is the county where the Defendant/Third-Party Plaintiff, Danya Cebus Construction, LLC resides.

Dated: New York, New York
      February 5, 2020

GALLO VITUCCI KLAR LLP

By:_____
Tammy A. Wilson, Esq.
*Attorneys for Defendant/Third-Party Plaintiff*
*Danya Cebus Construction LLC*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
TWilson@gvlaw.com
File No.: ENFL-2019-4

To: All Parties via NYS CEF


Best Plumbing & Heating, Inc.
507 Graham Avenue
Brooklyn, New York 11222
(via New York Secretary of State)


Amra Electrical Corporation
568 Flatbush Avenue
Brooklyn, New York 11225
(via New York Secretary of State)

All About AC Corp.
82-42 210th Street
Queens Village, New York 11427-1310
(via New York Secretary of State)

Red Hook Construction Group-II, LLC
83 E. Main Street
Bayshore, New York 11706
(via New York Secretary of State)

Mar-Sal Contracting Inc.
8010 15th Avenue, 2nd floor
Brooklyn, New York 11228
(via New York Secretary of State)

MEC General, Inc.
33-20 61st Street
Woodside, New York 11377
(via New York Secretary of State)

Milestone Masonry Corporation
976 Mclean Avenue
Yonkers, New York 10704
(via New York Secretary of State)

Supreme Floor Coverings Limited Liability Company
1072 Madison Avenue
Lakewood, NJ 08701
(via New York Secretary of State)

K2 Construction Inc.
293 Castle Avenue
Westbury, New York 11590
(via New York Secretary of State)

Rodney Katz
259 Rockaway Turnpike, Apt. 2
Lawrence, New York 11559
(via personal service)

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x

470 4TH AVENUE FEE OWNER, LLC,

                    Plaintiff,

    - against –

ADAM AMERICA LLC D/B/A ADAM AMERICA
REAL ESTATE, 470 4TH AVENUE INVESTORS LLC
AND DANYA CEBUS CONSTRUCTION LLC,

                    Defendants.

------------------------------------------------------------x

DANYA CEBUS CONSTRUCTION LLC,

                    Third-Party Plaintiff,

    - against –

BEST PLUMBING & HEATING INC., AMRA
ELECTRICAL CORPORATION, ALL ABOUT AC
CORP., MAR-SAL CONTRACTING INC.,
MILESTONE MASONRY CORPORATION, MEC
GENERAL, INC., RED HOOK CONSTRUCTION
GROUP-II, LLC, SUPREME FLOORING
COVERINGS LIMITED LIABILITY COMPANY, K2
CONSTRUCTION, INC a/k/a K2 CONSTRUCTION
LLC a/k/a K2 CONSTRUCTION AND
DEVELOPMENTS, INC., and RODNEY KATZ,
individually,

                    Third-Party Defendants.

------------------------------------------------------------x

Index No.: 656506/2018

**VERIFIED THIRD-PARTY
COMPLAINT**

Third-Party
Index No.:

        Defendant/Third-Party Plaintiff, Danya Cebus Construction, LLC, by its attorneys, Gallo

Vitucci Klar LLP, as and for its Verified Third-Party Complaint against Third-Party Defendants,

Best Plumbing & Heating Inc., Amra Electrical Corporation, All About AC Corp., Mar-Sal

Contracting Inc., Milestone Masonry Corporation, MEC General, Inc., Red Hook Construction

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM

NYSCEF DOC. NO. 114

INDEX NO. 656506/2018

RECEIVED NYSCEF: 02/05/2020

Group-II, LLC, Supreme Flooring Coverings Limited Liability Company, K2 Construction Inc a/k/a K2 Construction LLC a/k/a K2 Construction and Developments, Inc., and Rodney Katz, individually, respectfully alleges as follows:

## PARTIES

1.     At all times hereinafter mentioned, Defendant/Third-Party Plaintiff, Danya Cebus Construction, LLC ("Danya Cebus" or "Defendant/Third-Party Plaintiff) is a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of Ne York, with a place of business located at 111 John Street, Suite 220, New York, NY 10038, and is registered with the New York State Department of State to do business in the State of New York.

2.     Upon information and belief, and at all times hereinafter mentioned, Third-Party Defendant Best Plumbing & Heating Inc ("Best Plumbing") is a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York, with a place of business located at 507 Graham Avenue, Brooklyn, New York 11222.

3.     Upon information and belief, and at all times hereinafter mentioned, Third-Party Defendant Amra Electrical Corporation ("Amra Electrical") is a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York, with a place of business located at 568 Flatbush Avenue, Brooklyn, New York 11225.

4.     Upon information and belief, and at all times hereinafter mentioned, Third-Party Defendant All About AC Corp ("All About AC") is a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York, with a place of business located at 82-42 210th Street, Queens Village, New York 11427.

5.     Upon information and belief, and at all times hereinafter mentioned, Third-Party Defendant Mar-Sal Contracting Inc. d/b/a Mar-Sal Roofing ("Mar-Sal") is a domestic business

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

corporation, duly organized and existing under and by virtue of the laws of the State of New York, with a place of business located at 810 15th Avenue, 2nd Floor, Brooklyn, New York 11228.

6.      Upon information and belief, and at all times hereinafter mentioned, Third-Party Defendant Milestone Masonry Corporation ("Milestone Masonry") is a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York, with a place of business located at 976 Mclean Avenue, Yonkers, New York 10704.

7.      Upon information and belief, and at all times hereinafter mentioned, Third-Party Defendant MEC General, Inc. ("MEC General") is a domestic business corporation, duly organized and existing under and by virtue of the laws of the State of New York, with a place of business located at 33-20 61st Street, Woodside, New York 11377.

8.      Upon information and belief, and at all times hereinafter mentioned, Third-Party Defendant Red Hook Construction Group-II, LLC ("Red Hook") is a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of New York, with a place of business located at 83 E. Main Street, Bayshore, New York 11706.

9.      Upon information and belief, and at all times hereinafter mentioned, Third-Party Defendant Supreme Flooring Coverings Limited Liability Company d/b/a Supreme Flooring ("Supreme Flooring") is a foreign limited liability company, authorized to transact business in the State of New York, with a place of business located at 1072 Madison Avenue, Lakewood, New Jersey 08701.

10.      Upon information and belief, and at all times hereinafter mentioned, Third-Party Defendant K2 Construction, Inc. a/k/a K2 Construction LLC a/k/a K2 Construction and Developments, Inc. ("K2 Construction") is a domestic business corporation, duly organized and

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

existing under and by virtue of the laws of the State of New York, with a place of business located at 293 Castle Avenue, Westbury, New York 11590.

11.      Upon information and belief, and at all times hereinafter mentioned, Third-Party Defendant Rodney Katz, President of K2 Construction, is an individual residing at 259 Rockaway Turnpike, Apt. 2, Lawrence, New York 11559.

## **FACTS**

12.      On or about July 28, 2014, Defendant 470 4th Avenue Investors LLC ("Sponsor"), as Owner, entered into a written agreement with Danya Cebus, whereby Danya Cebus agreed to perform services as Construction Manager for the construction project located at 470 4th Avenue, Brooklyn, New York 11215 a/k/a 237 11th Street, Brooklyn, New York 11215 ("Premises").

13.      On or about November 14, 2014, Danya Cebus, as Construction Manager and agent for the Sponsor, entered into a trade subcontract with Best Plumbing, as Subcontractor, whereby Best Plumbing agreed to provide all necessary labor, material, equipment and supervision to perform certain work, including but not limited to, the installation of the plumbing, heating, and fire suppression for the premises.

14.      On or about November 4, 2014, Danya Cebus, as Construction Manager and agent for the Sponsor, entered into a trade subcontract with Amra Electrical, as Subcontractor, whereby Amra Electrical agreed to provide all necessary labor, material, equipment and supervision to perform certain work, including but not limited to, the installation of the electrical, fire alarm, and low voltage for the premises.

15.      On or about November 17, 2014, Danya Cebus, as Construction Manager and agent for the Sponsor, entered into a trade subcontract with All About AC, as Subcontractor, whereby

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

All About AC agreed to provide all necessary labor, material, equipment and supervision to perform certain work, including but not limited to, the installation of heating, ventilation, and air conditioning ("HVAC") for the premises. Upon information and belief, this work also included the installation of the Packaged Terminal Air Conditioning ("PTAC") units for the premises.

16.     On or about November 17, 2014, Danya Cebus, as Construction Manager and agent for the Sponsor, entered into a trade subcontract with Mar-Sal, as Subcontractor, whereby Mar-Sal agreed to provide all necessary labor, material, equipment and supervision to perform certain work, including but not limited to, the installation of the roofing and sheet metal for the premises.

17.     On or about November 5, 2014, Danya Cebus, as Construction Manager and agent for the Sponsor, entered into a trade subcontract with Milestone Masonry, as Subcontractor, whereby Milestone Masonry agreed to provide all necessary labor, material, equipment and supervision to perform certain work, including but not limited to, masonry for the premises.

18.     On or about May 21, 2015, Danya Cebus, as Construction Manager and agent for the Sponsor, entered into a trade subcontract with MEC General, as Subcontractor, whereby MEC General agreed to provide all necessary labor, material, equipment and supervision to perform certain work, including but not limited to, carpentry and painting for the premises. Upon information and belief, this work also included the installation of the skirts and sleeves for the PTAC units at the premises.

19.     On or about October 24, 2014, Danya Cebus, as Construction Manager and agent for the Sponsor, entered into a trade subcontract with Red Hook, as Subcontractor, whereby Red Hook agreed to provide all necessary labor, material, equipment and supervision to perform certain work, including but not limited to, the installation of the support of excavation ("SOE"),

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

underpinning, excavation, installation of the foundation, and installation of the superstructure for the premises.

20.      On or about March 10, 2016, Danya Cebus, as Construction Manager and agent for the Sponsor, entered into a trade subcontract with Supreme Flooring, as Subcontractor, whereby Supreme Flooring agreed to provide all necessary labor, material, equipment and supervision to perform certain work, including but not limited to, the installation of the wood flooring at the premises.

21.      On or about September 2, 2015, Danya Cebus, as Construction Manager and agent for the Sponsor, entered into a trade subcontract with K2 Construction, as Subcontractor, whereby K2 Construction agreed to provide all necessary labor, material, equipment and supervision to perform certain work, including but not limited to, the installation of windows, louvers, curtain walls, doors, storefronts, and glass railings for the premises. Upon information and belief, this work also included the openings for the PTAC units for the premises.

22.      Rodney Katz held himself out as "President" of K2 Construction and entered into the aforementioned trade subcontract with Danya Cebus while utilizing the trade names K2 Construction Inc, K2 Construction LLC, and K2 Construction and Developments, Inc. interchangeably.

23.      On December 31, 2018, 470 4th Avenue Fee Owner, LLC ("Plaintiff") e-filed a Summons and Complaint against the Defendants, Adam America LLC d/b/a Adam America Real Estate, Sponsor, and Danya Cebus, a copy of which is annexed hereto as **Exhibit "A."**

24.      On March 21, 2019, Plaintiff e-filed an Amended Complaint against the Defendants, a copy of which is annexed hereto as **Exhibit "B."**

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

25.    Plaintiff asserts five (out of six) causes of action against Danya Cebus in its

Amended Complaint. The second cause of action for fraudulent inducement, the third cause of

action for fraudulent concealment, the fourth cause of action for negligent misrepresentation, the

fifth cause of action for breach of contract/warranty, and the sixth cause of action for negligence

in the Amended Complaint allege that Danya Cebus breached its warranty and/or negligently

constructed the premises in violation of the duty of care by failing to perform and supervise

construction in accordance with the "Contract Documents" (identified as project drawings,

specifications, and written agreements for materials, equipment, systems, and standards of

workmanship), applicable building laws, and industry standard. (See, Ex. B).

26.    Plaintiff's Amended Complaint alleges that Plaintiff has suffered damages in the

aggregate amount of at least eight million dollars ($8,000,000.00).

27.    On April 10, 2019, Danya Cebus e-filed a pre-Answer Motion to Dismiss the

Plaintiff's Amended Complaint in lieu of an Answer. To date, the Motion to Dismiss remains

pending before the Honorable Court. Accordingly, to date, Danya Cebus has not served an Answer

to the Complaint nor an Answer to the Amended Complaint. Nonetheless, Danya Cebus denies all

of Plaintiff's allegations against it.

28.    If the Plaintiff was caused to sustain damages as alleged and is found to be entitled

to recover those damages from Danya Cebus, then such damages were actually caused by the

carelessness, negligence, fault, want of care, breach of agreement or contract, and breach of

obligations on the part of: (i) Best Plumbing in the providing of all necessary labor, material,

equipment and supervision to perform plumbing, heating, and fire suppression work, (ii) Amra

Electrical in the providing of all necessary labor, material, equipment and supervision to perform

electrical work, (iii) All About AC in the providing of all necessary labor, material, equipment and

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM

NYSCEF DOC. NO. 114

INDEX NO. 656506/2018

RECEIVED NYSCEF: 02/05/2020

supervision to perform HVAC work, (iv) Mar-Sal in the providing of all necessary labor, material, equipment and supervision to perform roofing and sheet metal work, (v) Milestone Masonry in the providing of all necessary labor, material, equipment and supervision to perform masonry work, (vi) MEC General in the providing of all necessary labor, material, equipment and supervision to perform carpentry and painting work, (vii) Red Hook in the providing of all necessary labor, material, equipment and supervision to perform SOE, underpinning, excavation, foundation, and superstructure work, (viii) Supreme Flooring in the providing of all necessary labor, material, equipment and supervision to perform the installation of the wood flooring, (ix) K2 Construction in the providing of all necessary labor, material, equipment and supervision to perform the installation of windows, louvers, curtain walls, doors, storefronts, and glass railings, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction, and not through any fault, negligence or breach of any obligation on the part of Danya Cebus.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Common Law Indemnification Against All Third-Party Defendants)

29.     Danya Cebus repeats and realleges each and every allegation set forth in paragraphs 1 through 28 above with the same force and effect as if those allegations were fully set forth herein.

30.     If the Plaintiff sustained damages as alleged in the aforementioned Amended Complaint, then such damages were actually caused by the carelessness, negligence, fault, want of care, breach of agreement or contract, and breach of obligations on the part of: (i) Best Plumbing in the providing of all necessary labor, material, equipment and supervision to perform plumbing, heating, and fire suppression work, (ii) Amra Electrical in the providing of all necessary labor, material, equipment and supervision to perform electrical work, (iii) All About AC in the providing of all necessary labor, material, equipment and supervision to perform HVAC work, (iv) Mar-Sal in the providing of all necessary labor, material, equipment and supervision to perform roofing

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

and sheet metal work, (v) Milestone Masonry in the providing of all necessary labor, material, equipment and supervision to perform masonry work, (vi) MEC General in the providing of all necessary labor, material, equipment and supervision to perform carpentry and painting work, (vii) Red Hook in the providing of all necessary labor, material, equipment and supervision to perform SOE, underpinning, excavation, foundation, and superstructure work, (viii) Supreme Flooring in the providing of all necessary labor, material, equipment and supervision to perform the installation of the wood flooring, (ix) K2 Construction in the providing of all necessary labor, material, equipment and supervision to perform the installation of windows, louvers, curtain walls, doors, storefronts, and glass railings, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction, and not through any fault, negligence or breach of any obligation on the part of Danya Cebus.

31.      In the event that judgment is recovered herein against Danya Cebus, it will be claimed that such liability on its part will have been brought about by the conduct of: (i) Best Plumbing in the providing of all necessary labor, material, equipment and supervision to perform plumbing, heating, and fire suppression work, (ii) Amra Electrical in the providing of all necessary labor, material, equipment and supervision to perform electrical work, (iii) All About AC in the providing of all necessary labor, material, equipment and supervision to perform HVAC work, (iv) Mar-Sal in the providing of all necessary labor, material, equipment and supervision to perform roofing and sheet metal work, (v) Milestone Masonry in the providing of all necessary labor, material, equipment and supervision to perform masonry work, (vi) MEC General in the providing of all necessary labor, material, equipment and supervision to perform carpentry and painting work, (vii) Red Hook in the providing of all necessary labor, material, equipment and supervision to perform SOE, underpinning, excavation, foundation, and superstructure work, (viii) Supreme

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM

NYSCEF DOC. NO. 114

INDEX NO. 656506/2018

RECEIVED NYSCEF: 02/05/2020

Flooring in the providing of all necessary labor, material, equipment and supervision to perform the installation of the wood flooring, (ix) K2 Construction in the providing of all necessary labor, material, equipment and supervision to perform the installation of windows, louvers, curtain walls, doors, storefronts, and glass railings, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction, and not through any fault, negligence or breach of any obligation on the part of Danya Cebus.

32.     By reason of the foregoing, : (i) Best Plumbing, (ii) Amra Electrical, (iii) All About AC, (iv) Mar-Sal, (v) Milestone Masonry; (vi) MEC General, (vii) Red Hook, (viii) Supreme Flooring, (ix) K2 Construction, and (x) Rodney Katz, individually, are obligated to indemnify Danya Cebus against any judgment which may be recovered against it herein.

### AS AND FOR A SECOND CAUSE OF ACTION
**(Contribution Against All Third-Party Defendants)**

33.     Danya Cebus repeats and realleges each and every allegation set forth in paragraphs 1 through 32 above with the same force and effect as if those allegations were fully set forth herein.

34.     If the Plaintiff sustained damages as alleged in its Amended Complaint, then such damages were actually caused by the carelessness, negligence, fault, want of care, breach of agreement or contract, and breach of obligations on the part of (i) Best Plumbing in the providing of all necessary labor, material, equipment and supervision to perform plumbing, heating, and fire suppression work, (ii) Amra Electrical in the providing of all necessary labor, material, equipment and supervision to perform electrical work, (iii) All About AC in the providing of all necessary labor, material, equipment and supervision to perform HVAC work, (iv) Mar-Sal in the providing of all necessary labor, material, equipment and supervision to perform roofing and sheet metal work, (v) Milestone Masonry in the providing of all necessary labor, material, equipment and

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

supervision to perform masonry work, (vi) MEC General in the providing of all necessary labor, material, equipment and supervision to perform carpentry and painting work, (vii) Red Hook in the providing of all necessary labor, material, equipment and supervision to perform SOE, underpinning, excavation, foundation, and superstructure work, (viii) Supreme Flooring in the providing of all necessary labor, material, equipment and supervision to perform the installation of the wood flooring, (ix) K2 Construction in the providing of all necessary labor, material, equipment and supervision to perform the installation of windows, louvers, curtain walls, doors, storefronts, and glass railings, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction, and not through any fault, negligence or breach of any obligation on the part of Danya Cebus.

35.    By reason of the foregoing, Danya Cebus is entitled to contribution from: (i) Best Plumbing, (ii) Amra Electrical, (iii) All About AC, (iv) Mar-Sal, (v) Milestone Masonry; (vi) MEC General, (vii) Red Hook, (viii) Supreme Flooring, (ix) K2 Construction, and (x) Rodney Katz, individually.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Contractual Indemnification Against All Third-Party Defendants)**

36.    Danya Cebus repeats and realleges each and every allegation set forth in paragraphs 1 through 35 above with the same force and effect as if those allegations were fully set forth herein.

37.    Pursuant to the subcontracts, (i) Best Plumbing, (ii) Amra Electrical, (iii) All About AC, (iv) Mar-Sal, (v) Milestone Masonry, (vi) MEC General, (vii) Red Hook, (viii) Supreme Flooring, (ix) K2 Construction, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction, agreed to hold harmless, defend and indemnify Danya Cebus from all liability which resulted from their work undertaken pursuant to their respective subcontracts.

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

38.    To date, (i) Best Plumbing, (ii) Amra Electrical, (iii) All About AC, (iv) Mar-Sal, (v) Milestone Masonry; (vi) MEC General, (vii) Red Hook, (viii) Supreme Flooring, (ix) K2 Construction, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction, have failed to assume their defense, indemnification and hold harmless responsibilities under their respective subcontracts, and they have failed to provide such complete defense and indemnification to Danya Cebus.

39.    If the Plaintiff sustained damages as alleged in the Amended Complaint, then such damages were actually caused by the carelessness, negligence, fault, want of care, breach of agreement or contract, and breach of obligations on the part of (i) Best Plumbing in the providing of all necessary labor, material, equipment and supervision to perform plumbing, heating, and fire suppression work, (ii) Amra Electrical in the providing of all necessary labor, material, equipment and supervision to perform electrical work, (iii) All About AC in the providing of all necessary labor, material, equipment and supervision to perform HVAC work, (iv) Mar-Sal in the providing of all necessary labor, material, equipment and supervision to perform roofing and sheet metal work, (v) Milestone Masonry in the providing of all necessary labor, material, equipment and supervision to perform masonry work; (vi) MEC General in the providing of all necessary labor, material, equipment and supervision to perform carpentry and painting work, (vii) Red Hook in the providing of all necessary labor, material, equipment and supervision to perform SOE, underpinning, excavation, foundation, and superstructure work, (viii) Supreme Flooring in the providing of all necessary labor, material, equipment and supervision to perform the installation of the wood flooring, (ix) K2 Construction in the providing of all necessary labor, material, equipment and supervision to perform the installation of windows, louvers, curtain walls, doors, storefronts, and glass railings, and (x) Rodney Katz, individually, who acted on behalf of K2

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

Construction, and not through any fault, negligence or breach of any obligation on the part of Danya Cebus.

40.    In the event that judgment is recovered herein against Danya Cebus, such liability will have been brought about by the conduct of (i) Best Plumbing, (ii) Amra Electrical, (iii) All About AC, (iv) Mar-Sal, (v) Milestone Masonry; (vi) MEC General, (vii) Red Hook, (viii) Supreme Flooring, (ix) K2 Construction, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction, who have failed to assume their defense, indemnification and hold harmless responsibilities under their respective subcontracts, and they have failed to provide such complete defense and indemnification to Danya Cebus, and not through any fault, negligence or breach of any obligation on the part of Danya Cebus.

41.    By reason of the foregoing, (i) Best Plumbing, (ii) Amra Electrical, (iii) All About AC, (iv) Mar-Sal, (v) Milestone Masonry; (vi) MEC General, (vii) Red Hook, (viii) Supreme Flooring, (ix) K2 Construction, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction, are obligated, pursuant to their respective subcontracts, to fully defend, indemnify and hold Danya Cebus harmless against any judgment which may be recovered against it herein, including all costs of investigation, disbursements, expenses and attorneys' fees which Danya Cebus has incurred in the defense of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Breach of Contract for Failure to Procure Insurance Against All Third-Party Defendants)**

42.    Danya Cebus repeats and realleges each and every allegation set forth in paragraphs 1 through 41 above with the same force and effect as if those allegations were fully set forth herein.

43.    Pursuant to the subcontracts, (i) Best Plumbing, (ii) Amra Electrical, (iii) All About AC, (iv) Mar-Sal, (v) Milestone Masonry; (vi) MEC General, (vii) Red Hook, (viii) Supreme

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

Flooring, (ix) K2 Construction, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction, agreed to procure comprehensive general liability insurance and excess/umbrella insurance coverage naming Danya Cebus as an Additional Insured.

44.     Upon information and belief, (i) Best Plumbing, (ii) Amra Electrical, (iii) All About AC, (iv) Mar-Sal, (v) Milestone Masonry; (vi) MEC General, (vii) Red Hook, (viii) Supreme Flooring, (ix) K2 Construction, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction, represented that Danya Cebus was an added/additional insured on one or more liability insurance policies issued to (i) Best Plumbing, (ii) Amra Electrical, (iii) All About AC, (iv) Mar-Sal, (v) Milestone Masonry; (vi) MEC General, (vii) Red Hook, (viii) Supreme Flooring, (ix) K2 Construction, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction.

45.     Upon information and belief, (i) Best Plumbing, (ii) Amra Electrical, (iii) All About AC, (iv) Mar-Sal, (v) Milestone Masonry; (vi) MEC General, (vii) Red Hook, (viii) Supreme Flooring, (ix) K2 Construction, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction, represented that they had obtained commercial general liability insurance of which Danya Cebus was an added/additional insured.

46.     Upon information and belief, (i) Best Plumbing, (ii) Amra Electrical, (iii) All About AC, (iv) Mar-Sal, (v) Milestone Masonry; (vi) MEC General, (vii) Red Hook, (viii) Supreme Flooring, (ix) K2 Construction, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction, represented that they had obtained excess/umbrella liability insurance of which Danya Cebus was an added/additional insured.

47.     To date, the insurers for (i) Best Plumbing, (ii) Amra Electrical, (iii) All About AC, (iv) Mar-Sal, (v) Milestone Masonry; (vi) MEC General, (vii) Red Hook, (viii) Supreme Flooring,

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

(ix) K2 Construction, and (x) Rodney Katz, individually, have refused to defend and indemnify Danya Cebus under the referenced insurance policy(s) purportedly obtained by (i) Best Plumbing, (ii) Amra Electrical, (iii) All About AC, (iv) Mar-Sal, (v) Milestone Masonry; (vi) MEC General, (vii) Red Hook, (viii) Supreme Flooring, (ix) K2 Construction, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction, on a primary and non-contributory basis.

48.    By virtue thereof, if Danya Cebus is found liable to the Plaintiff for damages, then (i) Best Plumbing, (ii) Amra Electrical, (iii) All About AC, (iv) Mar-Sal, (v) Milestone Masonry; (vi) MEC General, (vii) Red Hook, (viii) Supreme Flooring, (ix) K2 Construction, and (x) Rodney Katz, individually, who acted on behalf of K2 Construction, are liable for the full amount of such damages, as well as the cost of defending this action, including the costs of investigation, disbursements, expenses and attorneys' fees incurred in the defense of the Plaintiff's action, and the prosecution of this Third-Party action

**WHEREFORE,** in the event that a judgment is recovered against Defendant/Third-Party Plaintiff Danya Cebus Construction, LLC, then Danya Cebus Construction, LLC demands judgment against Third-Party Defendants Best Plumbing & Heating Inc., Amra Electrical Corporation, All About AC Corp., Mar-Sal Contracting Inc., Milestone Masonry Corporation, MEC General, Inc., Red Hook Construction Group-II, LLC, Supreme Flooring Coverings Limited Liability Company, K2 Construction Inc a/k/a K2 Construction LLC a/k/a K2 Construction and Developments, Inc., and Rodney Katz, individually, who acted on behalf of K2 Construction, as they have failed to assume their defense, indemnification and hold harmless responsibilities under their respective subcontracts, and they have failed to provide such complete defense and indemnification to Danya Cebus in whole or in part, for the amount of any sum which may be recovered herein against Danya Cebus, that they have failed to procure comprehensive general

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM
NYSCEF DOC. NO. 114

INDEX NO. 656506/2018
RECEIVED NYSCEF: 02/05/2020

liability insurance and excess/umbrella insurance coverage naming Danya Cebus as Additional Insureds, and that Third-Party Defendants Best Plumbing & Heating Inc., Amra Electrical Corporation, All About AC Corp., Mar-Sal Contracting Inc., Milestone Masonry Corporation, MEC General, Inc., Red Hook Construction Group-II, LLC, Supreme Flooring Coverings Limited Liability Company, K2 Construction Inc a/k/a K2 Construction LLC a/k/a K2 Construction and Developments, Inc., and Rodney Katz, individually, who acted on behalf of K2 Construction, hold Danya Cebus harmless against the Plaintiff's claims, and further demands that the relative responsibilities of said parties be apportioned together with such other, further and different relief as this Court deems just and proper in the circumstances, together with the costs of investigation, disbursements, expenses and attorneys' fees which Danya Cebus has incurred in the defense of this action.

Dated: New York, New York
February 5, 2020

GALLO VITUCCI KLAR LLP

By:_____
Tammy A. Wilson, Esq.
*Attorneys for Defendant/Third-Party Plaintiff*
*Danya Cebus Construction LLC*
90 Broad Street, 12th Floor
New York, New York 10004
(212) 683-7100
TWilson@gvlaw.com
File No.: ENFL-2019-4

TO:    All Parties via NYS CEF

Best Plumbing & Heating, Inc.
507 Graham Avenue
Brooklyn, New York 11222
(via New York Secretary of State)

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM

NYSCEF DOC. NO. 114

INDEX NO. 656506/2018

RECEIVED NYSCEF: 02/05/2020

## CLIENT VERIFICATION

STATE OF NEW YORK   )
                         ) S.S.:
COUNTY OF NEW YORK  )

GIDEON MAGEN, being duly sworn, deposes and says:

I am the CEO of DANYA CEBUS CONSTRUCTION, LLC, a Defendant in the within action. I have read the foregoing Third-Party Complaint and know the contents thereof, and the same are true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be.

GIDEON MAGEN

On the ____ day of February, 2020, before me came, Gideon Magen, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed same.

LISA NAHARI
Notary Public, State of New York
No. 01NA6371873
Qualified in New York County
Commission Expires March 05, 20__

Notary Public

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM

NYSCEF DOC. NO. 114

INDEX NO. 656506/2018

RECEIVED NYSCEF: 02/05/2020

## AFFIDAVIT OF SERVICE VIA EFILING

STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF NEW YORK   )

Maria Mateo, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside in Queens County. That on the 5th day of February, 2020, I served the within **STATEMENT PURSUANT TO CPLR 3402(b), THIRD-PARTY SUMMONS AND THIRD-PARTY COMPLAINT Via Efiling** on:

SHER TREMONTE LLP
Attorney For: 470 4th AVENUE FEE OWNER, LLC
90 Broad Street, 23rd Fl.
New York, NY 10004
Phone: (212) 202-2600

WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN LLP
Attorney For: 470 4th AVENUE INVESTORS LLC and ADAM AMERICA LLC d/b/a
ADAM AMERICA REAL ESTATE
1201 RXR Plaza
Uniondale, NY 11556
Phone: (516) 622-9200

_Maria Mateo_
Tammy A. Wilson

Sworn to before me this
5th 0day of February, 2020

_Mary_
Notary Public

MARY THOMPSON
NOTARY PUBLIC, State of New York
No. 01TH6044466
Qualified in Richmond County
Commission Expires July 3, 20 '22

FILED: NEW YORK COUNTY CLERK 02/05/2020 03:52 PM

NYSCEF DOC. NO. 114

INDEX NO. 656506/2018

RECEIVED NYSCEF: 02/05/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x

470 4TH AVENUE FEE OWNER, LLC,

                    Plaintiff,

       - against —

ADAM AMERICA LLC D/B/A ADAM AMERICA
REAL ESTATE, 470 4TH AVENUE INVESTORS LLC
AND DANYA CEBUS CONSTRUCTION LLC,

                    Defendants.

------------------------------------------------------------x

DANYA CEBUS CONSTRUCTION LLC,

                    Third-Party Plaintiff,

       - against —

BEST PLUMBING & HEATING INC., AMRA
ELECTRICAL CORPORATION, ALL ABOUT AC
CORP., MAR-SAL CONTRACTING INC.,
MILESTONE MASONRY CORPORATION, MEC
GENERAL, INC., RED HOOK CONSTRUCTION
GROUP-II, LLC, SUPREME FLOORING
COVERINGS LIMITED LIABILITY COMPANY, and
K2 CONSTRUCTION INC,

                    Third-Party Defendants.

------------------------------------------------------------x

Index No.: 656506/2018

Third-Party
Index No.:

## STATEMENT PURSUANT TO CPLR 3402(b), THIRD-PARTY SUMMONS
## AND THIRD-PARTY COMPLAINT

GALLO VITUCCI KLAR LLP
*Attorneys for Defendant/Third-Party Plaintiff*
*Danya Cebus Construction LLC*
90 Broad Street, 12th Floor
New York, New York 10004
Phone: (212) 683-7100
Fax: (212) 683-5555
File No.: ENFL-2019-4